No. 14,874.

STATE HIGHWAY DEPARTMENT *v.* DEBIT ET AL.
(126 P. [2d] 1029)

Decided June 8, 1942.

Mr. BYRON G. ROGERS, Attorney General, Mr. PHILIP A. DERGANCE, Assistant, Mr. OLIVER DEAN, Assistant, Mr. NORMAN E. BRADLEY, Special Assistant, Mr. GAIL L. IRELAND, Attorney General, Mr. H. LAWRENCE HINKLEY, Deputy, Mr. C. H. ANDERSON, Assistant, for plaintiff in error.

Mr. HAROLD J. SPITZER, for defendant in error deBit.

*In Department.*

MR. JUSTICE BAKKE delivered the opinion of the court.

ACTION in condemnation brought by the State Highway Department of Colorado against defendants in error and a number of other landowners. Pending, or subsequent to, the proceedings below, settlements have been made with most of the parties. This review is confined to questions raised in relation to the land of Conia deBit and the action of the Trial Court thereon. Conia deBit's claim, together with those of several others, was submitted to the jury which awarded her $1,109.50 for 11.19 acres of land. The Highway Department brings the case here by writ of error.

Three points are urged for reversal. 1. The first concerns alleged excessiveness of awards made by commissioners and is based on an affidavit of one of them that no testimony was offered by the respondents as to the market value of the land taken. 2. The court erred in refusing to admit the testimony of A. Edgar Jones, Jr., as to the value of the land. 3. Verdict is not supported by the evidence.

1. We dispose of the first point by saying that the affidavit in question has no relation to the land involved in this review.

2. We do not believe the Trial Court committed prejudicial error in excluding the testimony of Jones. Counsel for the Highway Department sought to qualify him as an expert—and we may grant that he was such —but it is apparent that the Court excluded his testimony because the preliminary examination touching his expertness indicated that he did not know the present market value of the land in question. He had for several years been a member and chairman of the appraisal

committee of the Denver Real Estate Exchange, but he had had practically no experience in connection with mountain properties in Park county. When asked how much experience he had had in appraising property in mountain districts, he replied: "Not a great deal * * * About three years ago, I was asked to look over some property down above Jefferson * * * with the idea of listing it for sale." He stated he had worked out a system to determine land values, and when asked to state what it was, replied: "I always endeavor, by investigation, to learn of sales or offerings of comparable property; and through investigation I am able to ascertain certain information that helps me in the appraisal of land." He had sold one property in the general neighborhood "a number of years ago." These quoted statements are not all he made, but they, with the others, were not sufficient to qualify him to testify as to the present market value of the involved land. The rule of law applicable to the situation is stated with supporting authorities in the recent case of *City of Denver v. Lyttle,* 106 Colo. 157, 161, 103 P. (2d) 1, and it is unnecessary to repeat it here.

3. There is no merit in the contention that the verdict is not supported by the evidence. The record shows that about nine acres of the 11.19 acres taken was tillable soil of abundant productivity. Even though one hundred dollars an acre, the amount fixed, may seem somewhat excessive, that was the award made by the jury under proper court instructions and certainly is not so large as to indicate any passion or prejudice.

Judgment affirmed.

Mr. Chief Justice Young, Mr. Justice Bock and Mr. Justice Hilliard concur.